**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICIA L. HUNT,**

                **Plaintiff,**[1]              **1:07-CV-0112**
                                                     **(GLS\RFT)**

               **v.**

**UNITED STATES OF AMERICA,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| MILLS LAW FIRM<br>1520 Crescent Road<br>Suite 100<br>Clifton Park, New York 12065 | CHRISTOPHER K. MILLS, ESQ. |
| **FOR THE DEFENDANT:** | |
| HONORABLE MICHAEL T.<br>SULLIVAN<br>Office of the United States Attorney<br>1550 Main Street<br>Room 310<br>Springfield, Massachusetts 01103-1442 | KAREN L. GOODWIN<br>Assistant United States Attorney |

**Gary L. Sharpe**
**U.S. District Judge**

_____

[1] Plaintiff brings this lawsuit individually and as the executrix of the estate of George F. Hunt. *See* Dkt. No. 1.

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

After being diagnosed with lung cancer in June 2001, George Hunt was placed in an experimental chemotherapy program at the Stratton Veterans Affairs Hospital in Albany, New York.  Shortly after beginning treatment, Hunt died.  His widow, Patricia Hunt, brings this lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et. seq.*, claiming that the Stratton Department of Veterans Affairs negligently failed to provide reasonable care and treatment to its patients, resulting in George Hunt's premature death.  *See Dkt. No. 1.*[2]  Pending under Federal Rule of Civil Procedure 12(b)(1) is defendant's motion to dismiss for lack of subject matter jurisdiction.  *See Dkt. No. 8*.  For the reasons that follow, the motion is granted.

**II. Procedural History**

Patricia Hunt filed an administrative claim with the Department of Veterans Affairs on September 2, 2003, pursuant to the FTCA.  The

---

[2]The complaint alleges the following causes of action: (1) negligence, (2) wrongful death, (3) a derivative claim for loss of consortium, (4) a claim for the violation of Hunt's Fifth Amendment right to bodily integrity, and (5) a claim for the violation of Hunt's Fifth Amendment right to human dignity.  *See Dkt. No. 1.*

2

Department of Veterans Affairs denied the claim on July 17, 2006, and Hunt[3] received the denial letter on July 31, 2006. She had six months from the date of denial in which to either file a lawsuit in United States District Court against the United States of America or file a written request with the Department of Veterans Affairs for reconsideration of her claim. Hunt commenced this lawsuit on January 30, 2007. *See Dkt. No. 1*. The same day, she sent the Department of Veterans Affairs a request for reconsideration of its denial.

### III. Facts

George Hunt, an Air Force Veteran, was diagnosed with lung cancer in June 2001 at Stratton Veterans Affairs Hospital (Hospital) in Albany, New York. *See Dkt. No. 1.* In July 2001, Hunt was placed in an experimental chemotherapy program at the Hospital by Dr. James Holland. *See id.* Shortly after commencing the prescribed treatment, Hunt advised Dr. Holland that he was no longer interested in participating in the experimental treatment. *See id.* In July 2001, immediately after receiving his first treatment under the program, Hunt began experiencing severe

---

[3] The certified mail receipt shows that the denial letter was sent to Hunt's counsel at the Mills Law Firm in Clifton Park, New York. *See Dkt. No. 8 Ex. 3*.

discomfort.  *See id.*  Thereafter, his condition deteriorated, and he died on August 10, 2001.  *See id.*

## IV. Discussion

### A.     Standard of Review - Rule 12(b)(1) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of the complaint where the court lacks subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  "The burden of proving jurisdiction is on the party asserting it."  *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996) (internal quotation marks and citation omitted).  In reviewing this motion, "the court must accept as true all material factual allegations in the complaint, but [it will] not draw inferences from the complaint favorable to plaintiffs."  *J.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004).  Moreover, on a Rule 12(b)(1) motion, the court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but...may not rely on conclusory or hearsay statements contained in the affidavits."  *Id.* at 110.

### B.     Timeliness of Hunt's FTCA Claims

The government maintains that Hunt's failure to file this lawsuit within six months of the mailing of its denial letter deprives the court of subject

4

matter jurisdiction over her complaint. "The FTCA, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-2680, constitutes a limited waiver by the United States of its sovereign immunity[.]" *Millares Guiradles de Tineo v. U.S.*, 137 F.3d 715, 719 (2d Cir. 1998). "The Act's limitations foreclose suit unless the tort claimant has previously presented to the appropriate administrative agency a claim that meets the specific statutory requirements as to its form, content, and timing." *Id*. The Act imposes two different time restrictions on potential FTCA plaintiffs. First, the agency amenable to suit must receive the administrative claim within two years of its accrual. *See* 28 U.S.C. § 2401(b). Second, the plaintiff must commence her lawsuit "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." *Id*. A plaintiff's failure to strictly comply with these time restrictions deprives the court of subject matter jurisdiction over her FTCA claims. *See Willis v. U.S.*, 719 F.2d 608 (2d Cir. 1983).

Here, the denial of claim letter, dated July 17, 2006, was mailed by certified mail two days later, on July 19. *See Certified Mail Receipt, Dkt.*

*No. 8 Ex. 3*.  Although Hunt argues[4] that she did not receive the denial letter until July 31, this assertion, even if true, is irrelevant.[5]  The six-month time period within which Hunt could have timely commenced her lawsuit began to run on July 19, 2006.  *See* 28 U.S.C. § 2401(b).  Hunt's January 30, 2007 commencement of her lawsuit was more than six months from that day, and it was therefore untimely.  Accordingly, the court lacks subject matter jurisdiction over Hunt's claims, and her complaint is dismissed in its entirety.

---

[4]Hunt's counsel, Mr. Mills, filed an affidavit in opposition to defendant's motion to dismiss.  *See Dkt. No. 9*.  Local Rule 7.1(a)(1), (2) states, in relevant part:

> [e]xcept as otherwise provided...all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties. . . .
>
> A memorandum of law is required for all motions except [ones made pursuant to Fed. R. Civ. P. 12(e), 15, 17, 25, 37, and 55].
>
> . . .
>
> An affidavit must not contain legal arguments but must contain factual and procedural background as appropriate for the motion being made.

N.D.N.Y. R. 7.1(a)(1), (2).  For the purposes of its analysis herein, the court has construed Mr. Mills' affidavit as a memorandum of law.  However, in the future, counsel should take care to comply with the local rules in filing motion papers with the court.

[5]In the alternative, Hunt argues that the agency's decision was not final because she had the opportunity to request that the agency reconsider her claim.  As such, she maintains that she is entitled to equitable tolling of the six-month period.  This argument lacks merit.  The denial letter specifically stated that a timely request for reconsideration must be received by the Department of Veterans Affairs "prior to the expiration of 6 months from the date of the mailing of this final denial."  *See Dkt. No. 8 Ex. 2*.  Hunt mailed her request for reconsideration on July 31, 2007, more than six months from the date the denial letter was mailed.  Accordingly, her request for reconsideration was also untimely.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendant's motion to dismiss (*Dkt. No. 8*) is **GRANTED**; and it is further

**ORDERED** that Hunt's complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the clerk provide a copy of this Order to the parties.

**IT IS SO ORDERED.**

August 21, 2007
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge